UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cr-128-HSM-SKL |
| | ) | |
| JOHNNY CALDWELL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

Before the Court is a motion to suppress and memorandum filed by Defendant Johnny Caldwell, Jr. ("Defendant") [Docs. 123 & 124], in which Defendant seeks to suppress telephone conversations recorded pursuant to a state-authorized wiretap. In summary, Defendant alleges suppression is required because the state court order authorizing the wiretap was not properly issued or sufficiently specific under Tennessee law. Plaintiff United States of America ("the government") has filed a response in opposition [Doc. 141], and a supplement containing the affidavit supporting issuance of the wiretap and the state court order authorizing the wiretap [Docs. 145 & 145-1]. Defendant has filed a reply brief [Doc. 152] clarifying certain arguments, and, with leave of Court, the government has filed a response to the reply [Doc. 162]. The motion to suppress is now ripe. After considering the evidence and arguments, I **RECOMMEND** that Defendant's motion to suppress be **DENIED**.[1]

---

[1] Several pretrial motions, including this motion to suppress, were referred for a report and recommendation pursuant to 28 U.S.C. § 636(b) [Doc. 133]. Defendant has not requested, and is not entitled to, an evidentiary hearing on this motion, as the Court must make a determination of the issues raised by evaluating the information contained within the four corners of the affidavit supporting the wiretap and the wiretap authorization order. *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.").

## I. BACKGROUND

The issue at hand centers on a wiretap authorization order issued by Judge Rebecca Stern, a Tennessee state court judge. The wiretap involved a telephone that belonged to a codefendant in this case, Lajeromeny Brown. Telephone conversations, in which Defendant allegedly participated, were recorded by law enforcement.

## II. ANALYSIS

In his motion, Defendant makes two arguments in support of suppression of the wiretap evidence. First, Defendant argues that the affidavit in this case does not support the probable cause determination that the quantities of cocaine involved reached the 300-gram level provided in Tenn. Code Ann. §§ 39-17-417(j)(5), 40-6-305. Second, Defendant argues that the wiretap authorization order and supporting affidavit do not sufficiently identify the covered time period, rendering the wiretap void. In his reply brief, Defendant made a third argument that the affidavit contains only conclusory provisions regarding the exhaustion of alternatives to a wiretap, and thus the affidavit does not comply with statutory requirements. Defendant's arguments are addressed in turn below.

### A. Probable Cause Determination

As noted, Defendant argues the affidavit submitted to the state court judge to obtain the wiretap did not support a determination that 300 grams or more of a substance containing cocaine was involved, and thus the wiretap was improper under state law. The government counters that Defendant's motion fails because it does not allege any violation of federal law and, in the alternative, because the wiretap actually does comply with Tennessee law.

Defendant's motion discusses only Tennessee state law, and he does not address the impact of federal law, specifically Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18

U.S.C. §§ 2510-2520, on the admissibility of wiretap evidence in this case.[2] This Court has previously held that "federal law, not state law, controls the admissibility of evidence received as the result of the state-authorized wiretaps in this federal court action." *United States v. Kelley*, 596 F. Supp. 2d 1132, 1141 (E.D. Tenn. 2009) (citing *United States v. Johnson*, No. 1:06-CR-31, 2007 WL 2220409, *1 (E.D. Tenn. July 27, 2007)), *aff'd*, 459 F. App'x 527 (6th Cir. 2012).

The United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") has also recognized that while "federal law, not state law, governs the admissibility of evidence in federal court," "Title III itself appears to require compliance with state law provisions in at least some wiretap situations." *United States v. Johnson*, No. 08-5911, 2010 WL 3736881, at *2 (6th Cir. Sept. 17, 2010) (citations omitted). The Sixth Circuit noted that Title III specifically discusses procedure for wiretaps authorized by a state court judge where the prosecuting attorney applies to a state court judge for a wiretap authorization "*in conformity with section 2158 of this chapter and with the applicable State statute . . . .*" *Id.* (quoting 18 U.S.C. § 2516(2)). In *Johnson*, the Sixth Circuit applied Tennessee law to determine whether wiretapping in connection with cocaine-related crimes involving fewer than 300 grams was proper. *Id.* at *3 (finding that the wiretap was proper under Tennessee law, without reaching the instant issue).

In this matter, it is undisputed that the wiretap was obtained from a Tennessee state court judge under a state statute that sets out Tennessee law regarding court orders that authorize "the inception of a wire, oral or electronic communication." Tenn. Code Ann. § 40-6-304. Under this state statute, a judge may authorize a wiretap where "[t]here is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in § 40-6-305." Tenn. Code Ann. § 40-6-304(c)(1). A "judge may grant, in conformity with

---

[2] Defendant does briefly discuss the applicability of federal law in his reply brief.

§ 40-6-304, an order authorizing the interception of wire, oral, or electronic communications by investigative or law enforcement officers . . . when interception may provide evidence of" certain enumerated offenses. Tenn. Code Ann. § 40-6-305. One of the enumerated offenses involves the manufacture, distribution, possession, or conspiracy to manufacture, distribute, or possess certain amounts of a controlled substance, specifically 300 grams or more of any substance containing cocaine. Tenn. Code. Ann. § 39-17-417(j)(5).

The Tennessee Court of Criminal Appeals, in reviewing whether a wiretap affidavit "contain[s] information sufficient to support [the judge's] finding of probable cause that the targets were committing, had committed, or were about to commit a crime . . . [involving] the manufacture, delivery, sale, or possession of 300 grams or more of cocaine," accords "great deference to the determination of the issuing judge." *State v. Moore*, 309 S.W.3d 512, 523 (Tenn. Crim. App. 2009) (citations omitted) (internal quotation marks omitted). The Tennessee Court of Criminal Appeals has found wiretap authorizations to be proper when based on affidavits which "provided the issuing judge with a substantial basis from which to conclude that the wiretap investigation would reveal evidence of an ongoing conspiracy to traffic large amounts of cocaine and the identity of the co-conspirators." *Elliot v. State*, No. M2012-01266-CCA-R3-PC, 2013 WL 6188585, at *8-9 (Tenn. Crim. App. Nov. 26, 2013) (finding that the affidavit, which outlined the quantities of cocaine purchased in undercover buys and which stated the affiant's estimation of the quantity of cocaine the wiretap target had access to based on the affiant's experience, provided a substantial basis for the judge to issue the wiretap).

The government argues that a wiretap is proper when interception *may* provide evidence of the enumerated crimes in the statute [Doc. 141 at Page ID # 336-37]. Based on the language of the Tennessee statute, as well as case law, I agree that the determinative factor here is not whether

the investigation concerns a crime that actually involves 300 or more grams of cocaine, but rather whether the affidavit provides probable cause to believe that such a crime involving the trafficking of large amounts of cocaine has occurred, is occurring, or will occur. *See* Tenn. Code Ann. §§ 40-6-304, 40-6-305; *Elliot*, 2013 WL 6188585 at *8-9. Thus, the Court must review the affidavit, while according great deference to the issuing judge, to determine whether the wiretap authorization was proper.

In the instant matter, the affiant provides information about controlled purchases of cocaine made by a confidential source. Specifically, the affidavit includes information about a purchase made on April 4, 2013, in which the confidential source purchased 40 grams of crack cocaine from the target of the wiretap [Doc. 145 at Page ID # 379-80]. The affidavit also includes information about a confidential source purchasing 26 grams of crack cocaine from the wiretap target on May 6, 2013 [*Id.* at Page ID # 380-82]. The affidavit includes information about a controlled purchase of one ounce of powder cocaine on June 5, 2013, by a confidential source [*Id.* at Page ID # 382-85]. The affidavit includes telephone conversations from June 18, 2013 and July 1-2, 2013, recorded under a different wiretap authorization, which include discussions about the distribution and manufacture of cocaine, in both powder and crack form [*Id.* at Page ID # 386-89]. In the affidavit, the affiant states, "This investigation has documented well in excess of 300 grams of cocaine in historical interviews and undercover operations that have been linked directly to" the target of the wiretap [*Id.* at Page ID # 394].

Based on the totality of the evidence presented on the affidavit's face, and the required due deference to the issuing judge, I **FIND** that the affidavit provided a substantial basis from which to conclude that the wiretap investigation would result in evidence of an ongoing conspiracy involving large amounts of cocaine, and the wiretap was in compliance with Tennessee state law.

Thus, it is not necessary to address whether state law compliance is even necessary in this wiretap situation. Therefore, I **RECOMMEND** that the Court **DENY** Defendant's motion to suppress with respect to his allegations that the affidavit was insufficient to establish probable cause to authorize the wiretap.

### B. Time Period Covered by Wiretap Authorization

Defendant also argues that the wiretap authorization order is improper because it does not sufficiently specify the dates of interception. The government represents this issue is now moot because the government has provided Defendant with the requested reports. Defendant has agreed that the government has provided the reports, but he argues in his reply that the time period covered by the wiretap authorization remains an issue. Specifically, Defendant finds fault with the beginning date of the authorized 30-day wiretap period being left to the officers' discretion. In the government's response to Defendant's reply, the government notes that Defendant has not provided any authority in support of his opinion that the window of time within which interception could begin was improper. In the alternative, the government argues that, even if there were a technical violation in the affidavit, suppression would not be appropriate because there have been no allegations of deliberate police misconduct to justify rendering the evidence inadmissible.

Local Rule 7.1(b) requires all briefs to include "a concise statement of the factual and legal grounds which justify the ruling sought by the Court." E.D. Tenn. L.R. 7.1(b); see also Fed. R. Civ. P. 7(b) (requiring motions to "state with particularity the grounds for seeking the order"). Arguments not raised and supported in more than a perfunctory manner are deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority are considered waived). Defendant does not provide any legal grounds, argument, or citation to any authority, case, or rule in support of this claim of error,

despite being permitted to file a reply after the deadline had passed in order to do so. Therefore, the portion of his argument that claims the time period is impermissibly vague is **DEEMED** waived.

Even if Defendant's argument with respect to the specificity of the time period was not deemed waived, this argument would fail on its merits. The wiretap authorization provides that "[t]he interception of the aforesaid communications is authorized for a period of thirty (30) days from the day on which the investigative or law enforcement officers first begin to conduct the interceptions pursuant to this Order, or ten days from the date on which the Order is entered, whichever occurs first . . . ." [Doc. 145-1 at Page ID # 402]. Defendant argues that "it is impossible to determine from reviewing the affidavit and the Court order the time period covered by the wiretap authorization" and further argues that the "uncertainty in the operative period of the order gives excessive discretion to law enforcement and renders the order void . . . ." [Doc. 124 at Page ID # 265-66]. Defendant contends that the wiretap authorization impermissibly leaves the beginning date of interception to the officers' discretion within the ten day range, but he does not explain why such discretion is improper. [Doc. 152 at Page ID # 428]. The government responds that the period of interception was within the authorized 30-day range. [Doc. 162 at Page ID # 483].

Under Tennessee law "[t]he thirty-day period begins on the earlier of the day on which the investigative or law enforcement officer first begins to conduct an interception under the order or ten (10) days after the order is entered." Tenn. Code Ann. § 40-6-304(e). *See also State v. Boatfield*, No. E2000-01500-CCA-R3-CD, 2001 WL 1635447, at *12 (Tenn. Crim. App. Dec. 20, 2001) ("The 30-day period begins on the date law enforcement initiates interception or ten days after the order is issued, whichever is earlier."). The language of Judge Stern's wiretap

7
Case 1:13-cr-00128-HSM-SKL   Document 165   Filed 07/17/14   Page 7 of 11   PageID #: 512

authorization in this case is a nearly verbatim recitation of Tennessee law, and wiretaps with the same time period language consistently have been found proper. *See Boatfield*, 2001 WL 1635447, at *12; *Elliot v. State*, No. M2012-01266-CCA-R3-PC, 2013 WL 6188585, at *7 (Tenn. Crim. App. Nov. 26, 2013) (approving a wiretap authorization including the same time period language and discussing generally Tenn. Code Ann. § 40-6-304(e)); *State v. Moore*, 309 S.W.3d 512, 523 (Tenn. Crim. App. 2009). Thus, Defendant's argument also fails on the merits.

I therefore **RECOMMEND** that the Court **DENY** Defendant's motion to suppress with respect to his allegations that the authorized time period for interception was insufficiently specific.

### C. Exhaustion of Wiretap Alternatives

Defendant's final argument is that the government's affidavit did not sufficiently demonstrate that it had exhausted alternatives to a wiretap, and thus there was no showing of necessity for the wiretap. Defendant argues that the affidavit's references to the target living on a dead-end road and not knowing where the target stored the drugs and money are common and insufficient to comply with the exhaustion requirement. Defendant cites to a single case in support of his argument that compliance with the exhaustion statute is not met by a "purely conclusory affidavit unrelated to the instant case and not showing any factual relations to the circumstances at hand." [Doc. 152 at Page ID # 428 (quoting *State v. Moore*, 309 S.W.3d 512, 526 (Tenn. Crim. App. 2009))].

In response, the government argues the affidavit demonstrated the necessity of the wiretap, as it shows that surveillance, confidential informants, and telephone information were used prior to seeking the wiretap, and the affidavit further explains why other methods of investigation would not be effective in this case. The government argues that officers are not required to exhaust all

possible methods of investigation prior to seeking a wiretap, but rather are required to show that the wiretap is not being "routinely employed as the initial step in criminal investigation." [Doc. 162 at Page ID # 483 (quoting *United States v. Giordano*, 416 U.S. 505, 515 (1974))].

The Sixth Circuit has held "[t]he basic standards for a wiretap are similar to those for a search warrant, but there also must be strict compliance with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520." *United States v. Alfano*, 838 F.2d 158, 161 (6th Cir. 1988). Title III "was enacted for the purpose of regularizing and controlling the issuance of warrants for wiretaps." *Id.* at 161. In pertinent part, Title III "requires a determination that other means of obtaining information, such as physical surveillance, use of informants, and other investigative techniques, would be unsuccessful." *Id.* at 163 (citing 18 U.S.C. § 2518(1)(c)). This requirement "is referred to as the 'necessity requirement.'" *United States v. Rice*, 478 F.3d 704, 710 (6th Cir. 2007) (quoting *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002)). "The needs statement provision was placed in the statute to ensure that a wiretap 'is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.'" *Alfano*, 838 F.2d at 163 (quoting *United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974)). "Thus, wiretaps are not to be used thoughtlessly or in a dragnet fashion . . . . [W]hat is needed is to show that wiretaps are not being 'routinely employed as the initial step in criminal investigation.'" *Id.* (quoting *United States v. Landmesser*, 553 F.2d 17, 20 (6th Cir. 1977)).

The necessity requirement also "protects against the impermissible use of a wiretap as the 'initial step in [a] criminal investigation.'" *Rice*, 478 F.3d at 710 (quoting *Giordano*, 416 U.S. at 515). There is no requirement, however, that the "government . . . prove that every other conceivable method has been tried and failed or that all avenues of investigation have been

exhausted." *Alfano*, 838 F.2d at 163 (citing *United States v. Brown*, 761 F.2d 1272, 1275 (9th Cir. 1985)). Rather, as the Sixth Circuit has stated:

> All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate. While the prior experience of investigative officers is indeed relevant in determining whether other investigative procedures are unlikely to succeed if tried, a purely conclusory affidavit unrelated to the instant case and not showing any factual relations to the circumstances at hand would be . . . inadequate compliance with the statute.

*Rice*, 478 F.3d at 710 (citations omitted). The Sixth Circuit has held the "necessity requirement" in Title III "do[es] not require proof of the absolute impossibility of all other means. Instead, a reasonable statement of the consideration or use of other investigative means is adequate . . . ." *Alfano*, 838 F.2d at 164.

"Because the necessity requirement is a component of Title III, and because suppression is the appropriate remedy for a violation under Title III, where a warrant application does not meet the necessity requirement, the fruits of any evidence obtained through that warrant must be suppressed." *Rice*, 478 F.3d at 710. However, "a wiretap authorization order is presumed proper, and a defendant carries the burden of overcoming this presumption." *United States v. Quintana*, 70 F.3d 1167, 1169 (10th Cir. 1995). *See also United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979) ("It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression.").

Contrary to Defendant's argument, sufficient information is set forth in the affidavit to comply with the necessity requirement. Defendant has not met his burden to overcome the presumption that the wiretap authorization signed by Judge Stern is proper. As the affidavit

shows, the investigators gave serious consideration to other investigative techniques before applying for the wiretap. The affiant informed Judge Stern of his belief that non-wiretap techniques, such as the use of undercover officers, grand jury questioning and administrative subpoenas, search warrants, trash pulls, and traffic stops, would not be reasonably likely to succeed [Doc. 145 at Page ID # 393-97]. Further the affiant explained that non-wiretap investigative methods, including physical surveillance, the use of confidential informants, and analysis of telephone records and pen registers had already been used by investigators, but had produced inadequate results [*Id.*].

I **FIND** the affidavit sufficiently established the necessity of a wiretap, as the reasonable non-wiretap investigative techniques were inadequate, and other techniques were not reasonably likely to succeed. I therefore **RECOMMEND** that the Court **DENY** Defendant's motion to suppress with respect to his argument that the affidavit did not sufficiently establish that non-wiretap alternative methods of investigation had been exhausted.

### III. CONCLUSION

After having considered all evidence and argument, and for the reasons stated above, I **RECOMMEND**[3] that Defendant's motion to suppress [Doc. 123] be **DENIED**.

                                          s/ *Susan K. Lee*
                                          SUSAN K. LEE
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).