UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:13-cr-128 |
| v. ) | |
| ) | Judge Mattice |
| JOHNNY CALDWELL, JR., ) | Magistrate Judge Lee |
| ) | |
| *Defendant*. ) | |
| ) | |

## ORDER

On July 23, 2014, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 170) pursuant to 28 U.S.C. § 636(b)(1). In her Report and Recommendation, Magistrate Judge Lee recommended that Defendant's Motion to Suppress (Doc. 117) be denied. On August 6, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 173). Defendant also filed a supplement to his objections on August 11, 2014. (Doc. 175).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

**I.  BACKGROUND**

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on June 17, 2014, during which Chattanooga Police Department ("CPD") Officers John Patterson and Kelly Downs testified for the Government and Marc Lawrence testified for the Defendant. (Doc. 147 at 2). In her Report and

Recommendation, Magistrate Judge Lee recounted the facts developed at the evidentiary hearing. (Doc. 170 at 1-6). In large part, Defendant does not object to the facts as outlined in Magistrate Judge Lee's Report and Recommendation. *See* Doc. 173 at 2 ("In general, and with only a few exceptions, however, Defendant does not take issue with the recitation of facts set out in the R&R"). However, Defendant disputes four factual interpretations within Magistrate Judge Lee's Report and Recommendation: (1) that Officer Patterson "revers[ed] course on whether he had used the Defendant's telephone for purposes of obtaining its number"; (2) that the speeding incident occurred on Wisdom street; (3) that Officer Downs testified that she was not familiar with the area; and (4) that "Officer Patterson blamed the street confusion on the fact that he had been mixed up on Wilder and Wisdom Street [for his] entire career." (Doc. 175 at 2; Doc. 173 at 3-4).

The Court has reviewed Defendant's factual objections as well as Magistrate Judge Lee's description of the factual background of this case and finds Defendant's objections to be without merit. Regarding Defendant's first objection, as he identifies in his supplement, while Officer Patterson may not have remembered using Defendant's cell phone to obtain its number when Assistant United States' Attorney Chris Pool asked him two weeks prior to the suppression hearing, from the testimony at the hearing, it is undisputed that he did in fact dial 911 on the cell phone to obtain its number. *See* Docs. 170 at 3; 175 at 1. Thus, to the extent Defendant is making a specific factual objection as to this issue, his objection is hereby **OVERRULED**.

Turning to Defendant's second, third, and fourth factual objections, it is clear from the evidentiary record that, although the police incident report and the officers originally indicated otherwise, the speeding incident occurred on Wilder Street, not

2

Case 1:13-cr-00128-HSM-SKL   Document 268   Filed 01/14/15   Page 2 of 7   PageID #: 880

Wisdom Street. *See* Doc. 170 at 5. The Court has reviewed the evidentiary record relevant to this matter, and it is clear that the officers were initially mistaken regarding the street on which the incident occurred. *See* Doc. 174 at 25, 41. However, within the hearing, the officers realized their mistake and used a map to identify the correct street on which the incident occurred as Wilder Street. *Id.* at 47, 60.

From the evidentiary record before the Court, it is indisputable that Officers Down and Patterson were woefully unprepared for the suppression hearing before Magistrate Judge Lee, creating questions as to their credibility. Being unprepared for a court hearing is by no means a best practice, but Magistrate Judge Lee heard the officers' testimony and found that any issues with their credibility "did not discredit the officers' testimony about their observation of Defendant's speeding violation." (Doc. 170 at 12). It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). As Magistrate Judge Lee arrived at her conclusion after listening to the officers' testimony and was in the best position to judge their credibility, the Court sees no reason to disturb her finding, and Defendant's factual objection is hereby **OVERRULED**.

As the Court has overruled Defendant's factual objections, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's Report and

Recommendation. The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Lee's Report and Recommendation because: (1) it fails "to point out that the government failed to elicit testimony" regarding the fact that the CPD patrol cars were not equipped with a particular radar technology system; (2) it "suggested that an inference of speeding was created by the Defendant's father's (the passenger's) acknowledgement that the vehicle was doing 37 miles per hour"; (3) it discusses the "proposition that the subjective intent of the officers is irrelevant for Fourth Amendment purposes when testing the legitimacy of the traffic stop"; (4) it "bypasses the question of whether Officer Patterson's without-permission use of the Defendant's cell phone . . . was a search"; and (5) it inappropriately applies the good faith exception. (Doc. 173 at 4-7).

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed the record relevant to the instant objection and agrees with Magistrate Judge Lee's well-reasoned conclusions. In large part, Defendant's objections vaguely dispute nondispositive matters and are without merit. *See Smith v. Woods*, 505 F. App'x 560, 564 (6th Cir. 2012) (finding that a party's objections must be "clear enough to enable the district court to discern those issues that are dispositive and contentious"). Specifically, Defendant's objection as to the particular radio technology system and his objection to Magistrate Judge Lee's reference to Defendant's father's

4

statement are nondispositive and unpersuasive considering the fact that the officers paced the car to determine its speed. Similarly, Defendant's third objection, his characterization that "the officers in this case were eager. . . to make the stop, [which constitutes] fertile grounds for error" is entirely unsupported and in contrast to the well-developed body of case law as to this issue. *See Whren v. United States,* 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) ("When a traffic stop is supported by probable cause, an officer's subjective intent is irrelevant"); *United States v. Hill*, 195 F.3d 258, 267 (6th Cir. 1999) ("Of course, the Supreme Court in *Whren* confirmed that a police officer is legally allowed to stop a vehicle for a traffic violation when there is probable cause for the traffic stop, without regard for the officer's subjective motivation"). Accordingly, Defendant's first three objections will be **OVERRULED**.

Defendant's fourth and fifth objections both relate to Officer Patterson's use of Defendant's cell phone to determine its number and Magistrate Judge Lee's application of the good faith exception. *See* Doc. 173 at 6-7. As Defendant discusses in his objection, *Riley v. California* is the United States Supreme Court case relevant to this issue. *See* 134 S.Ct. 2473 (2014).

In *Riley*, the Court reviewed the search incident to arrest doctrine to determine how it should apply to "modern cell phones, which are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude that they were an important feature of human anatomy." *Id.* at 2584. Similar to previous Supreme Court opinions regarding a search incident to arrest, the Court balanced the promotion of legitimate government interests and an individual's right to privacy under

5

the Fourth Amendment. The Court held that "officers must generally secure a warrant before conducting [searches of data on cell phones.]" *Id.* at 2485

In her Report and Recommendation, Magistrate Judge Lee discussed *Riley* and found that "even *if* placing a call to 911 without a warrant or consent was a search of the data on Defendant's cell phone and thus a violation of the Fourth Amendment, the exclusionary rule should not apply. . . ." (Doc. 170 at 16) (emphasis original). Magistrate Judge Lee also considered the application of the good faith exception and found that "suppression would not be an appropriate remedy as Officer Patterson's conduct in placing an emergency call was objectively reasonable at the time and was not a deliberate, reckless, or grossly negligent disregard for Defendant's Fourth Amendment rights." (*Id.* at 20). Magistrate Judge Lee based this finding on a review of the relevant case law as well as the fact that *Riley* had not been decided when Officer Patterson used Defendant's cell phone to obtain its number. *See id.* at 19.

Despite Defendant's objections, the Court agrees with Magistrate Judge Lee's finding that the good faith exception to the exclusionary rule applies to the instant case. As Magistrate Judge Lee thoroughly discusses in her Report and Recommendation, the Court is bound by the longstanding limitations of the suppression remedy set forth by the United States Supreme Court. *See Davis v. United States*, 131 S. Ct. 2419, 2426-27 (2011) ("Where suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly . . . unwarranted.'"); *Herring v. United States,* 555 U.S. 135, 140 (2009) ("exclusion [of evidence] has always been our last resort, not our first impulse") (internal quotation omitted); *United States v. Leon*, 468 U.S. 897, 919-20 (1984) ("In short, where the officer's conduct is objectively reasonable, excluding the evidence will not further the ends of the exclusionary rule in any appreciable way; for it is painfully apparent that . . .

the officer is acting as a reasonable officer would and should act in similar circumstances.") (internal quotations omitted); *U. S. v. Peltier*, 422 U.S. 531, 542 (1975) ("If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment."). Based on these limitations, suppression of evidence is only appropriate in certain circumstances in which unlawful police conduct would then be deterred. Accordingly, as *Riley* had yet to be decided and Officer Patterson was objectively reasonable in believing that the search was constitutional, the evidence should not be suppressed.

The Court hereby **ACCEPTS and ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations as set forth above pursuant to § 636(b)(1); Defendant's Objections (Doc. 173) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 117) is **DENIED.**


**SO ORDERED** this 14th day of January, 2015.


                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE